48 P.3d 381 (2002)
112 Wash.App. 287
In re the Detention of Ralph SPINK, Appellant.
v.
STATE of Washington, Respondent.
No. 26969-4.
Court of Appeals of Washington, Division 2.
June 21, 2002.
Peter Tiller (Court Appointed), Centralia, for Appellant
Todd Richard Bowers, Asst Attorney General, Seattle, for Respondent.

PUBLISHED IN PART OPINION
MORGAN, J.
Ralph DeLance Spink appeals an order that indefinitely committed him under Chapter 71.09 RCW. We reverse and remand.
In 1998, the State petitioned to commit Spink as a sexually violent predator. On October 31 and November 1, 2000, a two-day jury trial was held. The jury found that Spink should be committed, and the trial court so ordered.
Two weeks before trial, the State moved to exclude "evidence on any proposed less restrictive alternatives to confinement in a secure facility."[1] The trial court ordered that any such evidence first be presented by offer of proof made "outside the presence of the jury[.]"[2] The record does not show such an offer.
During trial, several of Spink's alleged victims testified. After each, the State played a portion of Spink's videotaped deposition.
On the second day of trial, the trial court distributed packets of proposed jury instructions to both counsel. Both counsel noted on the record that Instructions 2 and 3 were missing. The record does not show whether Instructions 2 and 3 were supplied to counsel later, or whether counsel had an opportunity to object to them. The record does show, however, that Instruction 3 was originally typed to read as follows (without the brackets, which we have inserted):
"Sexually violent predator" means any person who has been convicted of a crime of sexual violence and who suffers from a mental abnormality or personality disorder [which makes it difficult if not impossible for the person to control his behavior, and] which makes the person likely to engage in predatory acts of sexual violence if not confined to a secure facility.[[3]]
As the trial judge was reading Instruction 3 to the jury, he stopped in midsentence to say that he had not intended to include the words we have placed in brackets, and that the jury should disregard those words. He then marked through those words and continued reading. Nothing in any other instruction states that it must be difficult for Spink to control his behavior.
During the pendency of this appeal, the United States Supreme Court decided Kansas *382 v. Crane[4] and the Washington Supreme Court decided In re Brooks.[5] We called for supplemental briefs on how those cases affect this one, and those briefs have now been received. We address two issues from the supplemental briefs and a third from Spink's original brief.

I.
The first issue is whether and how Crane affects this case. In Crane, the United States Supreme Court revisited Kansas v. Hendricks.[6] It said:
We agree with Kansas insofar as it argues that Hendricks set forth no requirement of total or complete lack of control.
. . . .
We do not agree with the State, however, insofar as it seeks to claim that the Constitution permits commitment of the type of dangerous sexual offender considered in Hendricks without any lack-of-control determination. Hendricks underscored the constitutional importance of distinguishing a dangerous sexual offender subject to civil commitment "from other dangerous persons who are perhaps more properly dealt with exclusively through criminal proceedings." That distinction is necessary lest "civil commitment" become a "mechanism for retribution or general deterrence"functions properly those of criminal law, not civil commitment. The presence of what the "psychiatric profession itself classifie[d] ... as a serious mental disorder" helped to make that distinction in Hendricks. And a critical distinguishing feature of that "serious ... disorder" there consisted of a special and serious lack of ability to control behavior.
In recognizing that fact, we did not give to the phrase "lack of control" a particularly narrow or technical meaning. And we recognize that in cases where lack of control is at issue, "inability to control behavior" will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty in controlling behavior. And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.[[7]]
There was no lack-of-control determination here; the defect was constitutional; and a new trial is required.
In reaching this result, we reject the State's argument that the required lack-of-control determination "is a legal question for the court rather than the jury."[8] By emphasizing that the phrase "lack of control" did not have "a particularly narrow or technical meaning," the Crane majority implied that the phrase was to be applied by a lay jury rather than a judge. The Crane dissenters, Justices Scalia and Thomas, clearly thought the Crane majority was requiring a lack-of-control determination by the trier of fact; they objected in part because they thought it would be too difficult to instruct a jury as the majority was requiring. The Crane majority ruled that lack of control is a constitutionally required element of the cause of action, and that a trier of fact must make the lack-of-control determination.[9]
*383 Reversed and remanded for new trial.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
HOUGHTON, J., and QUINNBRINTNALL, A.C.J., concur.
NOTES
[1] Clerk's papers (CP) at 60.
[2] Supplemental Clerk's Papers (SCP) at 9.
[3] CP at 65-66 (brackets added; bracketed words in original).
[4] Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).
[5] In re Detention of Brooks, 145 Wash.2d 275, 36 P.3d 1034 (2001).
[6] Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).
[7] Crane, 122 S.Ct. at 870, 122 S.Ct. 867 (citations omitted).
[8] Suppl. Br. of Resp't at 4.
[9] We reject the State's reliance on one sentence from In re Detention of Gordon, 102 Wash.App. 912, 918, 10 P.3d 500 (2000) ("Hendricks does not require a jury to make a specific finding that the mental abnormality or personality disorder makes it impossible, or at least difficult, for an individual to control his dangerous behavior."), review granted, 145 Wash.2d 1032, 45 P.3d 534 (2002). That sentence antedates Crane and is disapproved by Crane. We also reject the State's reliance on the Crane court's judgment, as opposed to the Crane court's analysis.